UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| George C. Bougopoulos, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:12-cv-00338 -JD |
| v. | ) | |
| | ) | |
| Philip Morris USA Inc., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PHILIP MORRIS USA INC.'S ANSWER TO
## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Philip Morris USA Inc. ("Philip Morris USA") hereby answers Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

## PRELIMINARY STATEMENT

Plaintiff's Complaint improperly mixes factual averments with argumentative rhetoric so as to make admissions or denials of such averments difficult or impossible. Further, much of the Complaint consists of a selective recitation of historical facts and/or rumors, much of which is both irrelevant and inflammatory in tone and content. The Complaint also contains a selective recitation of statistics, scientific premises and conclusions, technical discussions, and medical conclusions, few of which are supported by relevant data. Finally, many of the allegations in the Complaint are overbroad, vague, or conclusory and include terms that are undefined and that are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Complaint as a whole.

1

The Complaint also contains many purported quotations from a number of sources. Plaintiff does not provide copies of the documents from which quotations were taken, which has impaired Philip Morris USA's ability to confirm or deny the accuracy of the quotations in the Complaint as compared to the original text.  Philip Morris USA, therefore, does not admit the authenticity of any documents from which the quotations were taken, and reserves the right to challenge the accuracy of the quotations (either as quoted or in the context of material not quoted).  Furthermore, with reference to all quotations, citations to documents, or any such averments which might be offered into evidence, Philip Morris USA specifically reserves its right to object to any use of such averments of the Complaint as a whole in evidence for any purpose whatsoever.

To the extent the quotations originate in documents protected by the attorney-client privilege, the work-product doctrine, the joint-defense privilege, and/or the common-interest privilege, Philip Morris USA states that it is improper for Plaintiff to have referred to and quoted from such documents in the Complaint and Philip Morris USA reserves the right to assert such privileges and to move to strike such references.

In answering allegations consisting of quotations, any admission that the material quoted was contained in a document or uttered by the person quoted shall not constitute an admission that the substantive content of the quotation is or is not true.  All such quotations as they appear in documents or testimony speak for themselves in the sense that the truth of the matters asserted may only be judged in light of all relevant facts and circumstances obtained at the time the statement was made, which relevant facts are not contained in the Complaint.  If Plaintiff seeks to rely on such materials, he must specifically prove the truth of such materials subject to the

right of Philip Morris USA to properly object to such evidence.  Accordingly, to the extent any such quoted materials are deemed allegations against Philip Morris USA, they are denied.

Philip Morris USA states that the Complaint improperly and repeatedly refers to "Defendants" on a collective basis, failing to plead allegations against Philip Morris USA and any other entity with requisite particularity.  Furthermore, throughout the Complaint there are numerous allegations regarding the "tobacco industry" and the "industry."  Philip Morris USA generally denies the existence of, and its participation in, any alleged "conspiracy" and denies that it acts or has acted in concert with any cigarette manufacturer or with any other person or entity (except as specifically admitted) and, therefore, denies the same as indicated in this Answer.  Philip Morris USA answers these allegations only for itself.

## PARTIES

1.      Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and, therefore, denies the same.

2.      Philip Morris USA admits that Altria Group, Inc. is a Virginia corporation with its corporate headquarters located at 6601 West Broad Street, Richmond, Virginia 23230.  Philip Morris USA also admits that, effective January 27, 2003, Philip Morris Companies Inc. changed its legal name to Altria Group, Inc ("Altria Group").  Philip Morris USA admits that Altria Group Distribution Company, Inc. is wholly-owned subsidiary of Altria Group.  Philip Morris USA denies that Altria Group has ever manufactured, distributed, or sold cigarettes or any other consumer product in the State of New Hampshire, or anywhere else, and denies that it has ever conducted business in the State of New Hampshire.  Philip Morris USA further admits that Altria Group's registered agent for service of process is CT Corporation System, 9 Capitol Street,

Concord, New Hampshire 03301. Philip Morris USA denies the remaining allegations of Paragraph 2.

3.      Philip Morris USA admits that it is a Virginia corporation with its principal place of business located at 6601 West Broad Street, Richmond, Virginia 23230, and that it is a wholly-owned subsidiary of Altria Group. Philip Morris USA further admits that its registered agent for service of process is CT Corporation System, 9 Capitol Street, Concord, New Hampshire 03301. Philip Morris USA denies the remaining allegations of Paragraph 3.

4.      The allegations of Paragraph 4 are not directed toward Philip Morris USA and, therefore, no response is required. To the extent a response is required, Philip Morris USA is informed and believes that R.J. Reynolds Tobacco Company is a North Carolina corporation with its principal place of business in North Carolina. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4 and, therefore, denies the same.

## JURISDICTION AND VENUE

5.      Paragraph 5 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA admits that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, but denies that Plaintiff has stated a valid claim against Philip Morris USA. Philip Morris USA denies the remaining allegations of Paragraph 5.

## STATEMENT OF THE CASE

## GENERAL ALLEGATIONS

6.      Philip Morris USA admits that cigarette smoking causes lung cancer, certain other cancers, heart disease, strokes and other serious diseases in smokers. Philip Morris USA admits

4

that smoking cigarettes is a risk factor for, and may in fact cause, certain types of respiratory diseases in smokers. Philip Morris USA admits that certain studies have reported a higher risk for certain diseases with earlier smoking initiation and greater cumulative consumption. Philip Morris USA states that some constituents in cigarette smoke have been identified as carcinogens. Philip Morris USA denies that these constituents, as found in cigarette smoke, have been determined to be carcinogenic in humans. Philip Morris USA denies the remaining allegations of Paragraph 6.

7.     Philip Morris USA admits that cigarette smoking causes Chronic Obstructive Pulmonary Disease in smokers. Philip Morris USA also admits that certain of the allegations in Paragraph 7 purport to selectively paraphrase and/or reference journal articles published in 2006 and 2007, but denies that the articles are paraphrased and/or referenced accurately, in context, or in their entirety, denies Plaintiff's characterization of the articles, and denies Plaintiff's innuendo and implication regarding the content or meaning of the articles. Philip Morris USA states that the remaining allegations in Paragraph 7 purport to selectively quote and/or reference *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), *aff'd in part, vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009) (herein after "*United States*"), but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself. Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA. Philip Morris USA denies the remaining allegations of Paragraph 7.

8.      Philip Morris USA admits that on August 17, 2006, the United States District Court for the District of Columbia issued an opinion in *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), *aff'd in part*, *vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 3501 (2010).  Philip Morris USA states that the allegations in Paragraph 8 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA further states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA further denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product, and denies the remaining allegations of Paragraph 8.

9.      Philip Morris USA states that the allegations in Paragraph 9 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA states that in 1954 Philip Morris USA, along with certain other United States tobacco manufacturers, formed the Tobacco Industry Research Committee ("TIRC") (renamed The Council for Tobacco Research - U.S.A. in 1964 and hereinafter referred to as "CTR"), which funded independent research on the issue of smoking and health.  Philip Morris USA denies that the allegations of Paragraph 9 completely or

6

accurately characterize the purpose and operation of CTR and denies Plaintiff's innuendo and implication regarding the purpose and operation of CTR.  Philip Morris USA further states that in 1958 it participated with other cigarette manufacturers in the formation of the Tobacco Institute, Inc. ("Tobacco Institute").  Philip Morris USA states that the Tobacco Institute, like trade associations in other industries, engaged in activities protected by the First Amendment to the United States Constitution on behalf of certain cigarette manufacturers.  Philip Morris USA denies that the allegations of Paragraph 9 completely or accurately characterize the purpose and operation of the Tobacco Institute and denies Plaintiff's innuendo and implication regarding the purpose and operation of the Tobacco Institute.   Philip Morris USA denies the remaining allegations of Paragraph 9.

10.     Philip Morris USA states that the allegations in Paragraph 10 purport to selectively quote, paraphrase or reference the *United States* opinion, but denies that the opinion is quoted, paraphrased or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself. Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 10.

11.     The allegations of Paragraph 11 are not directed toward Philip Morris USA and, therefore, no response is required.  To the extent a response is required, Philip Morris USA states that the allegations in Paragraph 11 purport to selectively quote, paraphrase or reference the *United States* opinion, but denies that the opinion is quoted, paraphrased or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's

884364 v7

innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11 and, therefore, denies the same.

12.     Philip Morris USA states that the allegations in Paragraph 12 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 12, including the reference to an unidentified statement by a Philip Morris USA executive and, therefore, denies those allegations.  To the extent the remaining allegations of Paragraph 12 are intended to assert allegations directed toward Philip Morris USA, Philip Morris USA denies those allegations.  To the extent the allegations of Paragraph 12 are directed toward another Defendant, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.

13.     Philip Morris USA states that the allegations in Paragraph 13 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the

884364 v7

opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA admits that language similar to that referred to and quoted in the first sentence of subpart A of Paragraph 13 appears in a September 22, 1959 document by then-Philip Morris USA employee Helmut Wakeham, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document.  Philip Morris USA admits that language similar to that referred to and quoted in the second and third sentences of subpart A of Paragraph 13 appears in a November 15, 1961 document by then-Philip Morris USA employee Helmut Wakeham, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document.  Philip Morris USA admits that language similar to that referred to and quoted in the fourth sentence of subpart A of Paragraph 13 appears in a March 5, 1964 document by then-Philip Morris USA employee William L. Dunn, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document.  Philip Morris USA admits that language similar to that referred to and quoted in the fourth sentence of subpart A of Paragraph 13 appears in a February 1, 1965 document by then-Philip Morris USA employee Ronald Tamol, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document.  The allegations of subpart B of Paragraph 13 are not directed toward Philip Morris USA and, therefore, no response is required.

9

To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same. Philip Morris USA denies the remaining allegations of Paragraph 13.

14.    Philip Morris USA states that allegations in Paragraph 14 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA further denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 14.

15.    Philip Morris USA states that the allegations in the first seven sentences of Paragraph 15 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself. Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA states that the remaining allegations of Paragraph 15 purport to selectively quote and/or reference *Izzarelli v. R.J. Reynolds*, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip

10

Morris USA states that the opinion speaks for itself.  To the extent the remaining allegations of Paragraph 15 are directed toward Philip Morris USA, Philip Morris USA denies those allegations.  To the extent the allegations of Paragraph 15 are directed toward another Defendant, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Philip Morris USA further denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.

16.     Philip Morris USA states that the allegations in Paragraph 16 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA admits that language similar to that referred to and quoted in the first and second sentences of subpart A of Paragraph 16 appears in an August 1953 document by George Roper entitled, "A Study of People's Cigarette Smoking Habits and Attitudes," but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document. Philip Morris USA admits that language similar to that referred to and quoted in the third sentence of subpart A of Paragraph 16 appears in a October 7, 1953 document by then-Philip Morris USA employee George Weissman, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiff's characterization of this document, and denies Plaintiff's innuendo and implication regarding the content or meaning of this document.

11

The allegations of subpart B of Paragraph 16 are not directed toward Philip Morris USA and, therefore, no response is required.  To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 16.

17.    Philip Morris USA states that the allegations in Paragraph 17 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA denies the remaining allegations of Paragraph 17.

## SPECIFIC ALLEGATIONS AS TO THE PLAINTIFF

18.    Philip Morris USA admits that it is a wholly-owned subsidiary of Altria Group. Philip Morris USA also admits that it has manufactured Marlboro brand cigarettes in the United States, and that it has distributed Marlboro brand cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States.  Philip Morris USA further admits that it has lawfully advertised, marketed, and promoted its cigarettes to existing smokers of legal age for purchasing cigarettes, but denies that its advertising and marketing efforts are referred to in context or in their entirety, denies Plaintiff's characterization of its advertising, and denies Plaintiff's innuendo and implication regarding the content or meaning of its advertisements.  Philip Morris USA states that it does not market, advertise, or

12

promote its cigarettes to persons under the legal age for purchasing cigarettes and denies that its advertising or marketing is designed to appeal to persons under the legal age for purchasing cigarettes.   To the extent the remaining allegations of Paragraph 18 are intended to assert allegations directed toward Philip Morris USA, Philip Morris USA denies those allegations.   To the extent the allegations of Paragraph 18 are directed toward another Defendant, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.   Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.

19.    Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 19 and, therefore, denies the same.   Philip Morris USA admits that on January 1, 1966, the Federal Cigarette Labeling and Advertising Act, codified as amended at 15 U.S. C. §§ 1331-1341, became effective.   This statute, from its effective date through the present, has required cigarette manufacturers to place congressionally-prescribed warnings on every package of cigarettes sold in the United States, and since March 30, 1972, in cigarette advertising.   Philip Morris USA states that it has fully complied therewith.   Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.   To the extent the allegations of Paragraph 19 are directed toward another Defendant, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies the same.   Philip Morris USA denies the remaining allegations of Paragraph 19.

20.    Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 regarding Plaintiff's smoking history and, therefore, denies the same.   Philip Morris USA denies the allegations of Paragraph 20 to the

13

extent they are intended to assert that Plaintiff was unable to quit smoking, had he decided to do so.  Philip Morris USA further denies Plaintiff's characterization of its marketing and advertising and denies Plaintiff's innuendo and implication regarding the content or meaning of its marketing and advertising.   Responding further, Philip Morris USA denies the remaining allegations of Paragraph 20.

21.     Philip Morris USA states that in 1954 Philip Morris USA, along with certain other United States tobacco manufacturers, formed the Tobacco Industry Research Committee ("TIRC") (renamed The Council for Tobacco Research - U.S.A. in 1964 and hereinafter referred to as "CTR"), which funded independent research on the issue of smoking and health.  Philip Morris USA denies that the allegations of Paragraph 21 completely or accurately characterize the purpose and operation of CTR and denies Plaintiff's innuendo and implication regarding the purpose and operation of CTR.  Philip Morris USA further states that in 1958 it participated with other cigarette manufacturers in the formation of the Tobacco Institute, Inc. ("Tobacco Institute").  Philip Morris USA states that the Tobacco Institute, like trade associations in other industries, engaged in activities protected by the First Amendment to the United States Constitution on behalf of certain cigarette manufacturers.  Philip Morris USA denies that the allegations of Paragraph 21 completely or accurately characterize the purpose and operation of the Tobacco Institute and denies Plaintiff's innuendo and implication regarding the purpose and operation of the Tobacco Institute.  Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA further denies the conduct alleged and denies the remaining allegations of Paragraph 21.

884364 v7

22.     Paragraph 22 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "representations" as alleged in Paragraph 22 and denies the remaining allegations of Paragraph 22.

23.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and, therefore, denies the same.

24.     Philip Morris USA denies that it engaged in the conduct alleged, denies that Plaintiff is entitled to the relief requested, or any relief whatsoever, and denies the remaining allegations of Paragraph 24.

<u>COUNT ONE</u>
<u>PRODUCTS LIABILITY-STRICT LIABILITY</u>

25.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

26.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  The allegations of Paragraph 26 also are not directed toward Philip Morris USA and, therefore, no response is required.  To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and, therefore, denies the same.

27.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 27 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has

15

ever manufactured, advertised, or sold cigarettes or any other consumer product. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 and, therefore, denies the same.

28.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts. Paragraph 28 also asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product. Philip Morris USA denies that its cigarettes were or are "defective," denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 28, including all subparagraphs.

29.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts. Paragraph 29 also asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product. Philip Morris USA denies that its cigarettes were or are "unreasonably dangerous," denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 29.

30.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts. Paragraph 30 also asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product. Philip Morris

USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 30.

## COUNT TWO
## PRODUCTS LIABILITY-MISREPRESENTATION BY SELLER OF CHATTELS TO CONSUMER

31.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

32.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 32 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 32, including all subparagraphs.

33.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 33 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it made any "representations" as alleged in Paragraph 33 and denies the remaining allegations of Paragraph 33.

34.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to

dismiss those counts.  Paragraph 34 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 34.

**COUNT THREE**
**PRODUCTS LIABILITY-SUPPLY OF CHATTELS UNLIKELY**
**TO BE MADE SAFE FOR USE**

35.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

36.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 36 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 36.

37.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 37 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris

USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 37, including all subparagraphs.

38.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 38 also asserts legal conclusions to which no response is required.   To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.   Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 38.

**COUNT FOUR**
**NEGLIGENCE**

39.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

40.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 40 also asserts legal conclusions to which no response is required.   To the extent a response is required, Philip Morris USA states that it has only those duties imposed upon it by applicable law and it has complied with all such duties.   Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.   Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 40.

884364 v7

41.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 41 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that it has only those duties imposed upon it by applicable law and it has complied with all such duties.  Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 41.

42.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 42 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 42.

## COUNT FIVE
## NEGLIGENT MISREPRESENTATION

43.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

44.     Paragraph 44 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "representations" and denies that it engaged in the conduct alleged in Paragraph 44.  Responding further, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 44.

884364 v7

45.     Paragraph 45 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "representations" and denies that it engaged in the conduct alleged in Paragraph 45.  Responding further, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 45.

46.     Paragraph 46 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 46.

## COUNT SIX
## FRADULENT MISREPRESENTATION/DECEIT

47.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

48.     Paragraph 48 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "misrepresentations" and denies that it engaged in the conduct alleged in Paragraph 48.  Responding further, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 48.

49.     Paragraph 49 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "misrepresentations" and denies that it engaged in the conduct alleged in Paragraph 49.  Responding further, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 49.

21

50.     Philip Morris USA states that in 1954 Philip Morris USA, along with certain other United States tobacco manufacturers, formed the Tobacco Industry Research Committee ("TIRC") (renamed The Council for Tobacco Research - U.S.A. in 1964 and hereinafter referred to as "CTR"), which funded independent research on the issue of smoking and health.  Philip Morris USA denies that the allegations of Paragraph 50 completely or accurately characterize the purpose and operation of CTR and denies Plaintiff's innuendo and implication regarding the purpose and operation of CTR.  Philip Morris USA further states that in 1958 it participated with other cigarette manufacturers in the formation of the Tobacco Institute, Inc. ("Tobacco Institute").  Philip Morris USA states that the Tobacco Institute, like trade associations in other industries, engaged in activities protected by the First Amendment to the United States Constitution on behalf of certain cigarette manufacturers.  Philip Morris USA denies that the allegations of Paragraph 50 completely or accurately characterize the purpose and operation of the Tobacco Institute and denies Plaintiff's innuendo and implication regarding the purpose and operation of the Tobacco Institute.  Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA further denies the conduct alleged and denies the remaining allegations of Paragraph 50.

51.     Paragraph 51 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA denies the remaining allegations of Paragraph 51.

52.     Paragraph 52 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it made any "representations" or "misrepresentations" and denies that it engaged in the conduct alleged in Paragraph 52.

22

Responding further, Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product and denies the remaining allegations of Paragraph 52.

53.     Paragraph 53 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Plaintiff is entitled to the relief requested, or any relief whatsoever, denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 53.

## COUNT SEVEN
## NEW HAMPSHIRE CONSUMER PROTECTION
## ACT RSA Chapter 358-A *et seq.*

54.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

55.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 55 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the provisions of the New Hampshire Consumer Protection Act, RSA Chapter 358-A:2 speak for themselves. Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA further denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 55, including all subparagraphs.

56.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 56 also asserts legal conclusions to which no response is

23

required.  To the extent a response is required, Philip Morris USA states that the provisions of the New Hampshire Consumer Protection Act, RSA Chapter 358-A:2 speak for themselves. Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA further denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 56.

57.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 57 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the provisions of the New Hampshire Consumer Protection Act, RSA Chapter 358-A:2 speak for themselves. Philip Morris USA denies that Altria Group has ever manufactured, advertised, or sold cigarettes or any other consumer product.  Philip Morris USA further denies that it engaged in the conduct alleged and denies that Plaintiff is entitled to the relief requested.  Philip Morris USA denies the remaining allegations of Paragraph 57.

### COUNT EIGHT
### RACKETEER INFLUENCED AND CORRUPT
### ORGANIZATIONS ACT (RICO) 18 U.S.C.
### §§ 1962(a)(b)(c) and (d); 1964(a); 1964(c)

58.     Philip Morris USA restates, realleges, and incorporates by reference its responses to all prior paragraphs of the Complaint as if fully set forth herein.

59.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 59 also asserts legal conclusions to which no response is

24

required.   To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 59.

60.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 60 also asserts legal conclusions to which no response is required.   To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 60.   Philip Morris USA further denies that Altria Group has ever manufactured, advertised or sold cigarettes.

61.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 61 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the provisions of 18 U.S.C. §§ 1961(4) and 1962(a)(b) and (c) speak for themselves.  Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA further denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 61.

62.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 62 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the provisions of 18 U.S.C. §§ 1961(4) and 1962(a)(b) and (c) speak for themselves.  Philip Morris USA admits that on August 17, 2006, the United States District Court for the District of Columbia issued an

opinion in *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), *aff'd in part*, *vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 3501 (2010). Philip Morris USA further admits that the allegations of Paragraph 62 purport to selectively quote and/or reference the *United States* opinion, but denies that the opinion is quoted and/or referenced in context or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion. Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA.  Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA further denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 62, including all subparagraphs.

63.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 63 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA further denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 63.

64.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 64 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA further denies that it

26

884364 v7

engaged in the conduct alleged and denies the remaining allegations of Paragraph 64, including all subparagraphs.

65.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 65 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA denies the existence of, and its participation in, any alleged "conspiracy," denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 65.

66.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   To the extent a response is required, Philip Morris USA denies the existence of, and its participation in, any alleged "conspiracy" and denies the remaining allegations of Paragraph 66.

67.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.   Paragraph 67 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 67, including all subparagraphs.

68.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to

dismiss those counts.  To the extent a response is required, Philip Morris USA admits that on August 17, 2006, the United States District Court for the District of Columbia issued an opinion in *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), *aff'd in part*, *vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009).  Philip Morris USA further admits that the allegations of Paragraph 68 purport to selectively paraphrase, and/or reference the *United States* opinion, but denies that the opinion is paraphrased, and/or referenced accurately, in context, or in its entirety, denies Plaintiff's characterization of the opinion, and denies Plaintiff's innuendo and implication regarding the content or meaning of the opinion.  Philip Morris USA states that the opinion speaks for itself.  Philip Morris USA denies that the opinion has any legal significance whatsoever relative to Plaintiff's claims or ability to seek relief or recover damages from Philip Morris USA and denies the remaining allegations of Paragraph 68.

69.     Philip Morris USA states that responses to allegations in Counts I, II, III, IV, VII, and VIII are not required as Philip Morris USA is filing a motion contemporaneously herewith to dismiss those counts.  Paragraph 69 also asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the provisions of 18 U.S.C. §§ 1962(a) and (c) speak for themselves.  Philip Morris USA denies that Altria Group has ever manufactured, advertised or sold cigarettes.  Philip Morris USA further denies that it engaged in the conduct alleged, denies that Plaintiff is entitled to the relief requested, and denies the remaining allegations of Paragraph 69.

## **PRAYER FOR RELIEF**

Philip Morris USA denies that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph, including all subparts, or any relief whatsoever.

884364 v7

Philip Morris USA denies all allegations of the Complaint which have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and repose.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, and equitable estoppel.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, estoppels and by executed releases of the State of New Hampshire.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the sale of cigarettes to persons of legal age for purchasing cigarettes is a legal activity in New Hampshire.

### Sixth Affirmative Defense

The Complaint fails to allege facts, or a cause of action, sufficient to support a claim for attorney's fees.

### Seventh Affirmative Defense

Plaintiff should be dismissed for the reason that, among others, Plaintiff's claims for relief are moot.

884364 v7

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by settlement or accord and satisfaction of their claims.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they violate Philip Morris USA's rights under the First Amendment to the United States Constitution and cognate provisions of Part 1, Articles 30 & 32 of the New Hampshire Constitution, which protect the rights to freedom of speech, to petition the government, and to freedom of association.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331, *et seq.*, and the Federal Trade Commission's and Food & Drug Administration's policies and regulations regarding the cigarette industry.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the *Noerr-Pennington* Doctrine, to the extent their claims are premised, in whole or in part, on alleged statements or conduct in judicial, legislative or administrative proceedings, of any kind or at any level of government.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they violate the due process provisions of the United States Constitution, as well as cognate provisions of Part 1, Article 15 of

the New Hampshire Constitution, to the extent that they seek to deprive Philip Morris USA of procedural and substantive safeguards, including traditional defenses to liability.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they violate Philip Morris USA's right to a jury trial under the Seventh Amendment to the United States Constitution in that they, *inter alia*, seek deprive Philip Morris USA of its right to have a jury determine whether Philip Morris USA is responsible for the alleged injuries and damages for which Plaintiff makes claims in the Complaint.

### Fifteenth Affirmative Defense

Plaintiff's claims violate the due process provisions of the United States and New Hampshire Constitutions to the extent that they seek to deprive Philip Morris USA of traditional means of establishing that the alleged misconduct did not cause the alleged injuries and damages of any particular individual with respect to whom Plaintiff makes claims in the Complaint.

### Sixteenth Affirmative Defense

Plaintiff is barred from recovery for some or all of the claims asserted against Philip Morris USA because Philip Morris USA did not owe any legal duty to Plaintiff or, if Philip Morris USA owed any such legal duty, Philip Morris USA did not breach that duty.

### Seventeenth Affirmative Defense

Any condition of the cigarettes in question alleged to have constituted a breach of duty by Philip Morris USA was not a proximate cause of Plaintiff's alleged injuries and damages.

**Eighteenth Affirmative Defense**

Any injuries and damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's contributory or comparative negligence, fault, responsibility, or causation, and want of due care.  Such negligence or fault of Plaintiff was great in proportion to the negligence or fault of Philip Morris USA, if any, and the same is hereby denied.  Philip Morris USA therefore expressly pleads the contributory or comparative negligence or fault of Plaintiff as a complete bar to any recovery against Philip Morris USA in this action.  In the alternative, Philip Morris USA is entitled to a reduction damages based upon the percentage of Plaintiff's negligence or fault.

**Nineteenth Affirmative Defense**

If Plaintiff was injured or damaged, which alleged injuries and damages are denied, the alleged injuries and damages were caused solely by the acts, wrongs, or omissions of Plaintiff himself, by preexisting conditions, by intervening causes, or by other persons, entities, forces, and/or things over which Philip Morris USA had no control and for which Philip Morris USA is not responsible.

**Twentieth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages sustained by Plaintiff were caused, in whole or in part, by his assumption of the risk and want of due care, including, among other things, Plaintiff's choice to smoke.

**Twenty-first Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's consent.

32

### Twenty-second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the proximate cause of any alleged injuries and damages was Plaintiff's choice to smoke.

### Twenty-third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's lack of awareness of, and lack of reliance upon, the representations alleged.

### Twenty-fourth Affirmative Defense

To the extent Plaintiff's claims are based on an alleged duty to disclose the risks associated with cigarette smoking, such claims are barred because such risks, to the extent they exist, are and always have been commonly known.

### Twenty-fifth Affirmative Defense

To the extent Plaintiff's claims are based on an alleged duty to disclose the risks associated with cigarette smoking, such claims are barred because such risks, to the extent they exist, are and always have been commonly known.

### Twenty-sixth Affirmative Defense

Plaintiff's claims cannot be sustained because Philip Morris USA did not have superior knowledge of material facts pertaining to its cigarettes that were not also readily available to Plaintiff.

### Twenty-seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff had the means of knowing, by the exercise of ordinary intelligence, the truth of alleged statements concerning smoking and health.

33

## Twenty-eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because they do not satisfy the standard of § 402A of the Restatement (Second) of Torts, comment i.

## Twenty-ninth Affirmative Defense

Philip Morris USA avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (a) the design characteristics, if any, that allegedly caused the injuries and damages complained of herein or the alleged danger of such characteristics, or (b) any alternative design referred to by Plaintiff. Philip Morris USA further avers that any alternative design was neither feasible, either scientifically or technologically, nor economically practical.

## Thirtieth Affirmative Defense

Plaintiff's product liability claims are barred because Philip Morris USA's cigarettes are not dangerous to an extent beyond that contemplated by the ordinary consumer.

## Thirty-first Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any cigarettes manufactured and sold by Philip Morris USA are, and always have been, consistent with available technological, medical, scientific and industrial state-of-the-art and comply, and have complied, with all applicable governmental regulations.

## Thirty-second Affirmative Defense

Plaintiff is barred from recovering any damages by virtue of the fact that the dangers alleged by Plaintiff, if any, were open and obvious.

884364 v7

### Thirty-third Affirmative Defense

Plaintiff's fraud claims are barred because these claims are not pleaded with particularity as required by the applicable rules of civil procedure.

### Thirty-fourth Affirmative Defense

Plaintiff's claims are barred because the alleged conduct of Philip Morris USA was undertaken in good faith for a valid business purpose.

### Thirty-fifth Affirmative Defense

Plaintiff is barred from recovery on his misrepresentation claims because the representations and actions alleged by Plaintiff were not and are not material, in that they were not and are not likely to affect the decisions or conduct of consumers or to have cause consumers to have chosen differently, but for such alleged representations or actions, in light of the information available and known to consumers, and in that the alleged representations and actions were not likely to mislead consumers acting reasonably under the circumstances.

### Thirty-sixth Affirmative Defense

Plaintiff is precluded from recovery on his misrepresentations claims because the representations and actions alleged by Plaintiff were not intended to deceive Plaintiff.

### Thirty-seventh Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, R.S.A. 358-A:1 *et seq.*, to the extent such claims are found to exist, Philip Morris USA pleads all defenses available under that Act and states that any such claims are limited by the provisions of that Act.

35

### Thirty-eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Part 1, Article 23 of the New Hampshire Constitution which prohibits the application of retrospective laws.

### Thirty-ninth Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims are barred to the extent they are based on transactions which occurred prior to January 1, 1997, the date that certain amendments to R.S.A. 358-A:3, IV became effective.

### Fortieth Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims are barred to the extent they are based on transactions which occurred prior to January 1, 1995, two years prior to effective date of certain amendments to R.S.A. 358-A:3, IV.

### Forty-first Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims are barred with respect to any alleged unlawful act, and with respect to any transaction, which occurred prior to August 15, 1975, the effective date of certain amendments to R.S.A. 358-A:10, unless and to the extent that Plaintiff alleges and proves that he personally "defrauded."

### Forty-second Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims for "statutory liquidated damages" under the New Hampshire Consumer Protection Act are barred in their entirety with respect to any

alleged unlawful act, and any transaction, which occurred prior to August 15, 1975, the effective date of certain amendments to R.S.A. 358-A:10.

### Forty-third Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims for "statutory liquidated damages in the amount of $1,000" are barred in part with respect to any alleged unlawful act, and any transaction, which occurred prior to July 26, 1994, the effective date of certain amendments to R.S.A. 358-A:10.

### Forty-fourth Affirmative Defense

While denying at all times that Plaintiff has stated a valid claim under the New Hampshire Consumer Protection Act, Plaintiff's claims for treble damages under the New Hampshire Consumer Protection Act are barred with respect to any alleged unlawful act, and any transaction, which occurred prior to August 10, 1981, the date on which the treble damage provision of R.S.A. 358-A:10 became effective.

### Forty-fifth Affirmative Defense

Plaintiff's fraud-based and RICO claims are barred because these claims are pleaded without the particularity required by Fed R. Civ. P. 9(b) and must be dismissed for failure to state a claim upon which relief can be granted.

### Forty-sixth Affirmative Defense

Plaintiff's RICO claims are barred because Plaintiff has not been injured in his business or property because of a RICO violation and/or because Plaintiff lacks RICO standing.

884364 v7

### Forty-seventh Affirmative Defense

Plaintiff's RICO claims are barred because they fail to identify a RICO enterprise separate and distinct from the Defendants themselves.

### Forty-eighth Affirmative Defense

Plaintiff's RICO claims are barred because Plaintiff cannot establish that Defendants used or invested any income in a RICO enterprise.

### Forty-ninth Affirmative Defense

Any affirmative defenses pleaded by any other Defendant and not pled by Philip Morris USA are incorporated herein to the extent they do not conflict with Philip Morris USA's defenses.

### Fiftieth Affirmative Defense

Philip Morris USA hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

### Fifty-first Affirmative Defense

Philip Morris USA intends to rely upon and reserves its right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than New Hampshire.

### RELIEF REQUESTED

Philip Morris USA prays for entry of judgment in its favor and against Plaintiff as follows:

i.      That the Complaint be dismissed in its entirety with prejudice;

ii.     That Plaintiff takes nothing by way of the Complaint;

884364 v7

iii.     That Philip Morris USA recover its costs, disbursements, and attorneys' fees in

this action; and

iv.     For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Philip Morris USA hereby demands a trial by jury on all issues.

Respectfully submitted,

PHILIP MORRIS USA INC.

By its attorneys,

McLANE GRAF RAULERSON & MIDDLETON,
PROFESSIONAL ASSOCIATION

Date:  December 3, 2012               By:_____/s/ Wilbur A. Glahn, III_____
                                                       Wilbur A. Glahn, III, NH Bar No. 937
                                                       900 Elm Street, P.O. Box 326
                                                       Manchester, New Hampshire 03105
                                                       bill.glahn@mclane.com
                                                       (603) 625-6464

                                                       Robert A. McCarter  (admitted *pro hac vice*)
                                                       SHOOK, HARDY & BACON LLP
                                                       1155 F Street, N.W., Suite 200
                                                       Washington, DC 20004
                                                       rmccarter@shb.com
                                                       (202) 639-5638

                                                       Scott D. Kaiser (admitted *pro hac vice*)
                                                       SHOOK, HARDY & BACON LLP
                                                       2555 Grand Blvd.
                                                       Kansas City, MO 64108
                                                       skaiser@shb.com
                                                       (816) 474-6550

884364 v7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 3, 2012, I served the foregoing Answer electronically through ECF upon the following counsel of record:   John J. Washburn, Esq. and David K. Pinsonneault, Esq.


/s/ Wilbur A. Glahn, III
Wilbur A. Glahn, III

40

884364 v7